UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOSEPH BACKUS,

    Petitioner,

v.                                                       CASE NO. 2:21-CV-10160
                                                        HONORABLE NANCY G. EDMUNDS

GEORGE STEPHENSON,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR ABEYANCE, STAYING THE PROCEEDINGS, AND ADMINISTRATIVELY CLOSING THE CASE

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Brian Joseph Backus ("Petitioner") was convicted of five counts of first-degree criminal sexual conduct following a jury trial in the Shiawassee County Circuit Court and was sentenced to concurrent terms of 50 to 75 years imprisonment in 2017. In his petition, filed by counsel, he raises claims concerning the testimony of an expert witness, the waiver of his *Miranda* rights, and the effectiveness of trial counsel as to such matters. Respondent has not yet filed an answer to the petition or the state court record. Those materials are due in August, 2021. This matter is now before the Court on Petitioner's motion for abeyance seeking to hold his current claims in abeyance and stay the proceedings so that he can return to the state courts to exhaust new claims involving newly-discovered evidence.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those

claims in a federal habeas petition.  28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d).  The state courts must be given an opportunity to rule upon all of a petitioner's claims before he can present those claims on habeas review.  Otherwise, a federal court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process.  *O'Sullivan*, 526 U.S. at 845.  To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court.  *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

In this case, Petitioner seeks to pursue new evidence and claims which have not been presented to the state courts.  The Michigan Rules of Court provide a process through which Petitioner can raise his unexhausted claims.  For example, he may file a

motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq.*, and then appeal the trial court's decision to the state appellate courts as necessary. The unexhausted issues should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a "mixed" habeas petition containing exhausted and unexhausted claims to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on an amended petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Petitioner shows the need for a stay. He wishes to pursue facts and claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the court were to dismiss the petition to allow for further exhaustion of state remedies. Additionally, Petitioner asserts that he has new evidence which was not previously disclosed, which may provide good cause. Lastly, the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Therefore, the Court shall stay the proceedings and hold the exhausted claims in the current petition in abeyance pending Petitioner's pursuit of state court remedies as to any unexhausted claims. The Court make no determination as to the procedural or substantive merits of any

claims.

Accordingly, the Court **GRANTS** Petitioner's motion for abeyance, holds the current habeas claims in abeyance, and stays the proceedings. The stay is conditioned on Petitioner presenting any unexhausted claims to the state courts within 60 days of the date of this order by filing a motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the petition, using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, the case is closed for administrative purposes pending compliance with these conditions.

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2021